UNITED STATES, Appellee

v

HOWARD D. HESLET, Private First Class, U. S. Army, Appellant

No. 27,705

May 24, 1974

*Captain Ward Mundy* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Edward S. Adamkewicz, Jr.,* and *Captain T. Barry Kingham.*

*Captain William C. Kirk* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Richard A. Karre.*

OPINION OF THE COURT

FERGUSON, Senior Judge:

Convicted of absence without leave and being an accessory after the fact to arson, the accused contends that his pre-trial statement was improperly admitted into evidence. We agree.

Following his apprehension on the night of September 14, the accused was fully advised of his right to remain silent and to consult counsel, as well as being informed that he was suspected of arson.

He immediately informed Agent Hammontree that he desired to consult with Captain Folawn, his ultimate defense counsel, prior to making any statement. Hammontree terminated the interrogation.

Shortly thereafter, Agent Hammontree questioned a Private Dowing concerning the arson. Dowing informed him that he wished to speak with the accused. After the two men conferred, Dowing made a statement to Hammontree, who immediately turned to the accused and asked if Dowing's statement was true. The accused replied that it was. Hammontree testified that, after hearing Dowing's statement and the accused's affirmation of its truthfulness, he no longer suspected the accused of arson. He did, however, suspect him of being an accessory after the fact to the arson. The accused was released from custody and ordered to return on the following morning.

On the next morning, the accused complied with his instructions to return. Agent Hammontree again fully advised him of his rights and informed him that he was suspected of arson and being an accessory after the fact. The accused declared that he did not wish counsel and that he was willing to make a statement. He thereupon executed Prosecution Exhibit 4, the admission of which is the basis for his appeal.

The question presented is whether Prosecution Exhibit 4 was tainted by the events of the preceding interrogation. There is no doubt that it was. Once Agent Hammontree advised the accused of his rights and the accused elected to remain silent and to be represented by counsel, no further interrogation could then take place. Miranda v Arizona, 384 US 436 (1966); United States v Borodzik, 21 USCMA 95, 44 CMR 149 (1971); United States v Tempia, 16 USCMA 629, 37 CMR 249 (1967). Even where the accused does not request counsel, the Government bears a heavy burden of establishing that he has freely and voluntarily waived his rights. Miranda v Arizona, supra. That burden is even weightier when the suspect has elected to remain silent and to consult with counsel.

Concededly, as the Government argues, the accused's election to consult with counsel does not forever bar a renewal of interrogation at some later time after a proper waiver of rights has been obtained. See Hill v Whealon, 490 F2d 629 (6th Cir 1974). But there is no doubt here that Agent Hammontree violated *Miranda* and *Tempia* when, immediately after listening to Dowing's statement, he queried the accused as to its truthfulness. At that time, the accused was a suspect and had clearly made known his wish to consult with Captain Folawn.

The accused's ultimate statement was obtained the next morning (actually only a few hours later) without any effort to determine whether he still wished to confer with counsel beyond a repetition of the earlier warning. Yet, the agent at the same time advised the accused that he was still suspected of arson and being an accessory after the fact. Taken as a whole, there is an insufficient basis in this record to sustain the Government's burden of demonstrating that the accused knowingly and voluntarily relinquished his desire to consult with counsel, asserted only a few hours earlier. United States v Solomon, 17 USCMA 262, 38 CMR 60 (1967). It was prejudicial error to receive Prosecution Exhibit 4 in evidence.

The decision of the United States Army Court of Military Review is reversed, and the findings of guilty of being an accessory after the fact and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered or the Court of Military Review may reassess the sentence on the basis of the accused's absence without leave.

Chief Judge DUNCAN and Judge QUINN concur.